SHORES, Justice.
The plaintiff, Wayland DeWitt, appeals from a summary judgment entered in favor of the defendant, Fred Gainous, on DeWitt’s claim alleging wrongful termination of employment. We affirm.
On September 17, 1990, DeWitt, who was serving as president of Brewer State Junior College, sent a letter to Gainous, the chancellor of the Alabama Department of Postsec-ondary Education, stating in pertinent part:
“Following considerable deliberation regarding the future of Brewer State Junior College, I hereby tender my resignation from the position of President of this institution, effective no, later than Monday, December 31, 1990, or until a successor is named prior to that date, or until you and I mutually agree upon a prior date of separation.
[[Image here]]
“Your acceptance of this letter of resignation will be appreciated.”
On September 26, 1990, Gainous accepted DeWitt’s resignation by return letter. On October 5, 1990, DeWitt changed his mind about resigning, and sent to Gainous a letter by which he attempted to rescind his resignation. He later again attempted to rescind his resignation, but Gainous did not allow him to do so.
DeWitt sued Gainous, requesting that the trial court find that the resignation was without effect. At a hearing on August 14, 1991, the trial judge found that DeWitt’s resignation had been accepted and that his attempt to rescind it was without effect; the court entered a summary judgment for Gainous. DeWitt appealed. On March 6, 1992, the Court of Civil Appeals determined that De-Witt did effectively rescind his resignation, and that he thus had continued to be an employee of the State Board of Education. DeWitt v. Gainous, 601 So.2d 103 (Ala.Civ.App.1992). We denied Gainous’s petition for the writ of certiorari on July 24, 1992.
On August 22, 1991, during the interval between the trial court’s decision on August 14, 1991, and the Court of Civil Appeals’ judgment on March 6, 1992, the State Board of Education passed the following resolution to terminate Dr. DeWitt’s employment:
“Be it resolved that it is the official position of the S[t]ate of Alabama Board of Education that Dr. Wayland K. DeWitt resigned his position as President of Brewer State Junior College, in Fayette, Alabama, on September 17, 1990; and that such resignation was effective at the close of the business day of December 31, 1990. This position is consistent with, but not necessarily dependent upon, an Order signed on August 14, 1991, by Judge Eugene Reese of the Circuit Court of Montgomery County, by which Judge Reese granted summary judgment to Dr. Fred Gainous in the case of Dr. Wayland DeWitt v. Dr. Fred Gainous and stated that ‘... the Court holds that Dr. DeWitt resigned as president of Brewer State Junior College on September 17, 1990, that his letter of resignation was properly and validly accepted by Dr. Gainous on September 26, 1990, and that his subsequent attempt to rescind his resignation was without any legal effect.’ To the extent that Dr. DeWitt shall have or shall assert or claim any present employment interest whatsoever of any nature in the position of President of Brewer State Junior College, the State Board of Education hereby terminates, effective immediately upon the adoption of this Resolution, any and all such employment interests of Dr. Wayland K. DeWitt as President of Brewer State Junior College, in Fayette, Alabama. Furthermore, all compensation and benefits related to any such employment of Dr. Wayland K. DeWitt in the position of President of Brewer State Junior College shall cease immediately upon the adoption of this Resolution. In addition, it is duly *420 noted that Chancellor Fred Gainous is authorized to appoint an interim chief executive officer for Brewer State Junior College.”
Following the remand by the Court of Civil Appeals to the trial court, Gainous counterclaimed, seeking a declaratory judgment, and moved for a summary judgment, seeking a determination that DeWitt’s employment had been at-will and that, because of the Board’s resolution, DeWitt had ceased to be an employee. The trial court granted the motion for summary judgment, holding that De-Witt’s employment had been terminated by the State Board of Education’s resolution of August 22, 1991. This appeal followed.
Under Article 5, Ala.Code 1975, § 16-60-111.4(3), the State Board of Education is empowered to “[ajppoint the president of each junior college and trade school, each president to serve at the pleasure of the board.” This section makes it clear that the presidents of Alabama’s junior colleges are at-will employees of the Board of Education and serve at the pleasure of the Board. The Board terminated DeWitt under this statutory authority, effective August 22, 1992. The trial court’s order is therefore affirmed.
AFFIRMED.
MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.