MOORE, Judge,
dissenting.
I respectfully dissent.
The current Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala. Code 1975, contemplates that dependency proceedings are to be conducted in two phases. In the first phase, known as the “adjudicatory hearing,” see § 12-15-310(a), Ala.Code 1975, the juvenile court decides whether a child, is dependent. In the second phase, known as the “disposi-tional hearing,” see § 12-15-311(a), Ala. Code 1975, the juvenile court determines the custodial setting that would serve the best interests of the child. The AJJA authorizes juvenile courts to “proceed immediately” from the first phase to the second, but it also allows juvenile courts to postpone the dispositional hearing for a “reasonable period” in some cases. See § 12-15-311, Ala.Code 1975. Consistent with the foregoing procedure, in this case, the Bessemer Division of the Jefferson Juvenile Court (“the juvenile court”) conducted an adjudicatory hearing and entered a judgment on September 22, 2010, finding the child dependent and postponing the dispositional hearing until October 12, 2010, leaving “pendente lite” custody of the child with Mac.M. and Mar.M., the child’s maternal grandparents. The preliminary question before this court is whether the September 22, 2010, judgment is a judgment that will support an appeal.
Section 12-15-601, Ala.Code 1975, a part of the AJJA, provides:
“A party ... has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter. The procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of Alabama. All appeals from juvenile court proceedings pursuant to this chapter shall take precedence over all other business of the court to which the appeal is taken.”
Section 12-15-601 specifically allows for the appeal of “a judgment or order ” from “any juvenile court proceeding.” Section 12-15-601 does not state that appeals may lie only from “final judgments” entered by juvenile courts. In that regard, § 12-15-601 substantially modifies prior law. Under the former version of the AJJA, former § 12-15-120, Ala.Code 1975, provided for appeals solely from “a final order, judgment or decree of the juvenile court....” (Emphasis added.) This court must presume that, by deleting the word “final,” the legislature intended to change the law so as to allow appeals from orders entered by the juvenile court that do not completely end the proceedings.[5] See *123 Glass v. Anniston City Bd. of Educ., 957 So.2d 1143, 1147 (Ala.Civ.App.2006) (holding that amendment to statute that excludes prior terms should be construed as demonstrating legislature’s intention to modify prior law).
In that regard, I believe our legislature has made a wise decision. Juvenile courts routinely make determinations that seriously impact the fundamental rights of parents and children of this state to free association with one another. See Jackson v. Jackson, 999 So.2d 488, 494 (Ala.Civ.App.2007) (plurality opinion as to issue of visitation). Such orders demand immediate appellate review, as this court has previously recognized. See D.P. v. Limestone Cnty. Dep’t of Human Res., 28 So.3d 759, 764 (Ala.Civ.App.2009) (“If the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future, the order is an appealable order.”). If the juvenile court has overreached in separating the family, that error should be promptly corrected so as to minimize the harm to the family unit; if the juvenile court has acted properly, immediate appellate approval ends any uncertainty that may cloud further proceedings and jeopardize the stability of the child. The issues at stake in juvenile-court proceedings are too important for appellate review to depend on legal technicalities such as whether the judgment would be considered “final” if it was entered in a simple civil action. This court has no authority to question the wisdom of the legislature on this point; instead, we must adhere to its decision. See Friday v. Ethanol Corp., 539 So.2d 208, 211 (Ala.1988) (“All questions of propriety, wisdom, necessity, utility, and expediency are exclusively for the Legislature to determine and are matters with which the courts have no concern.”).
BRYAN, J., concurs.

. The main opinion posits that, although the legislature deleted the word "final” from the first sentence of § 12-15-601, the legislature, by referring to the rules of procedure adopted by our supreme court, which include the Rules of Juvenile Procedure, in the second *123 sentence, intended nevertheless that appeals would lie only from final judgments. If true, that would mean that the legislature used the most convoluted manner possible of maintaining the finality requirement, removing it in the first sentence only to revive it in the next, and then only by incorporation by reference. I believe the two sentences must be read more straightforwardly. The first sentence obviously deletes the finality requirement contained in the former AJJA and the current Rules of Juvenile Procedure and establishes that all orders or judgments of the juvenile court will support an appeal. The second sentence merely prescribes that the method for appealing from such orders or judgments shall be in accordance with the rules of procedure adopted by our supreme court. That construction gives full effect to both the first and the second sentences, without placing them in conflict, as the interpretation by the main opinion does.