[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11988

Non-Argument Calendar

————————————————

CONNIE L. MORRIS,

Plaintiff-Appellant,

*versus*

BESSEMER CITY BOARD OF EDUCATION,

Defendant-Appellee,

KEITH A. STEWARD,
individually and in his official capacity as
Superintendent of the Bessemer Board
of Education,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-01231-AMM

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Connie Morris appeals from the dismissal of her lawsuit following the district court's order granting a motion to enforce a settlement agreement. Ms. Morris argues that the district court misapplied Alabama contract law when it found that the parties had an enforceable contract. Upon review, we agree with Ms. Morris and reverse.

**I**

On August 1, 2019, Ms. Morris filed a complaint against her employer, the Bessemer City Board of Education, and Keith Steward, the Superintendent of the Bessemer Board of Education, alleging claims of age and gender discrimination and a claim for a violation of a right to a due process hearing. Both defendants moved for summary judgment. The district court granted Superintendent Steward's motion and dismissed him from the case. The district court granted the Board's motion in part and ordered Ms. Morris and the Board to mediation. The parties attended

mediation on February 9, 2022, where they agreed to settle the matter. To that end, the terms of a "settlement proposal" were set forth in a document the parties labeled a "Memorandum of Understanding." The Memorandum provided, in part, as follows:

> The settlement proposal contemplated in this memorandum of understanding will be subject to a majority vote of the Board of Education.
>
> For a 24-month period beginning on July 1, 2022, Plaintiff will be paid at Step 27 of the director pay scale. During this period, Plaintiff will receive any raises and bonuses applicable to other employees at her position on the pay scale and will continue to accrue vacation and sick leave. . . .At the end of this period, Plaintiff's employment will terminate, through her retirement or otherwise. Defendant shall have no obligation to employ or re-employ Plaintiff thereafter. Plaintiff will be able to redeem unused vacation pay at the end of the period.
>
> The parties' fuller agreement incorporating these and more detailed terms will include a mutual nondisparagement clause, a comprehensive release of all claims, a no admission of liability clause, and other terms and provisions ordinarily included in a comprehensive settlement and release.

D.E. 125-1 at 1. Ms. Morris and at least one representative for the Board signed the Memorandum.

A few days after mediation, Ms. Morris decided that she no longer wanted to end her employment in the manner set forth in

the Memorandum.  On February 14, 2022, counsel for Ms. Morris informed the Board's counsel of Ms. Morris' decision.  The next day, on February 15, 2022, the Board voted to approve the terms set forth in the Memorandum.  On February 21, 2022, the  Board filed a motion to enforce a settlement agreement.  Ms. Morris opposed the motion.

The district court granted the Board's motion, concluding that the Memorandum constituted a valid, enforceable contract from which Ms. Morris could not withdraw.  The Memorandum, the district court explained, was subject only to the Board's approval—not Ms. Morris' second thoughts, and if the parties intended to make the settlement "also subject to a revocation option for" Ms. Morris, they would have done so.  The district consequently granted the Board's motion and dismissed Ms. Morris' suit with prejudice.  Ms. Morris timely appealed.

On appeal, Ms. Morris argues that the district court wrongfully concluded that the memorandum constituted an enforceable contract.  According to Ms. Morris, the Memorandum simply reflected the terms of an offer to settle, which she was free to withdraw at any time before the Board voted because the representatives who signed the Memorandum had no authority to bind the Board to the terms set forth therein.  Although the Board agrees that its representatives had no authority to execute a binding contract, it argues that it subsequently ratified the agreement when it voted on February 15, 2022.

**II**

We review a district court's order enforcing a settlement agreement for an abuse of discretion. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1990). The construction and enforceability of a settlement agreement is governed by state law. *See id.* And we review the interpretation of a settlement agreement *de novo*. *See Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153 (11th Cir. 2019). *See also Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) ("Principles governing general contract law apply to interpret settlement agreements.").

## III

Settlement agreements are contracts and are thus subject to traditional principles of formation and enforcement of contracts. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004) (citation omitted). The parties agree that Alabama law governs the construction and enforcement of the Memorandum at issue here.

"No contract is formed without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract." *Steiger v. Huntsville City Bd. of Educ.*, 653 So. 2d 975, 978 (Ala. 1995). *See also Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (same). Generally speaking, the acceptance of an offer is valid only if it is done by one with authority to accept the offer, or if it is ratified before the offer is revoked. *See* Restatement (Second) of Contracts § 52 cmt. c (1981) ("Even an acceptance by a purported agent, acting without agency power, may in appropriate cases be ratified

by the offeree. Ratification must occur, however, before the offeror manifests withdrawal from the transaction and before the termination of the offeree's power of acceptance.").

The parties agree that, despite their signatures on the Memorandum, the Board's representatives had no authority to accept the "settlement proposal" or bind the Board to the terms set forth in the Memorandum. Only a majority of the Board, after a public vote, could accept and bind the Board to the terms set forth in the Memorandum. *See* Ala. Code § 36-25A-5(b). The Board, however, argues that this crucial defect should be ignored because the Board "ratified" the agreement a few short days after mediation. The problem with this argument is that any so-called ratification occurred after Ms. Morris informed the Board that she was no longer interested in settling the matter according to the terms set forth in the Memorandum.

It is a basic tenet of Alabama contract law that no contract is formed without an offer and an acceptance. It is also well-established that revocation of an offer terminates the power of acceptance. The Board could not accept the terms of the proposed agreement (the Memorandum) until a public vote occurred. And Ms. Morris communicated her revocation before the Board voted. Consequently, there was no contract on the table to accept when the Board voted. *See Shoals Community College v. Colagross*, 674 So. 2d 1311, 1315 (Ala. Civ. App. 1995) ("[W]e note that all of the drafts of the 'settlement agreement' contain a specific provision stating that the agreement is 'subject to the approval of Attorney General

James Evans.' However, the record is devoid of any evidence that Attorney General Evans approved the agreement. Based on the foregoing reasons, it appears that there was no valid 'settlement agreement' for the trial court to enforce."); *DeWitt v. Gainous*, 601 So. 2d 103, 105 (Ala. Civ. App. 1992) ("A prospective resignation that is not unconditionally accepted may be withdrawn prior to its effective date. Here, Gainous's acceptance of DeWitt's resignation could be effective only if the Board gave its final approval. By submitting his letter of rescission prior to the Board's October 25 meeting, DeWitt successfully withdrew his resignation before its unconditional acceptance.").

While it is true that settlement agreements are favored and will be summarily enforced, "the parties must first enter into a valid and binding settlement agreement before it will be enforced." *Sagamore Ins. Co. v. Sudduth*, 45 So. 3d 1286, 1290 (Ala. Civ. App. 2010) (quoting *Mays v. Julian LeCraw & Co.*, 807 So. 2d 551, 554 (Ala. Civ. App. 2001)). Because there was no acceptance before Ms. Morris' revocation, there was no valid and binding settlement agreement.

## IV

For the reasons set forth above, we reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**