Lisa C. Weathers appeals from a summary judgment entered by the Calhoun Circuit Court in favor of the City of Oxford ("the City") in her action against the City seeking a declaratory judgment that the City had violated her constitutional right to due process when it suspended her from her employment without pay for five days.
In September 2002, Weathers, a police officer employed by the City, exited a police vehicle that she had been operating in an attempt to apprehend a burglary suspect; however, Weathers failed to place the vehicle in park or to apply the parking brake. As a result, the vehicle rolled into a nearby ditch and was damaged. Just over one month later, on October 9, 2002, the City's Accident Review Board held a hearing concerning that incident, which Weathers attended.[1] On October 20, 2002, *Page 307 
the Accident Review Board issued an order finding that "the damage to the police vehicle could have been avoided by applying the emergency brake and making sure the vehicle was in park." The Accident Review Board recommended that Weathers be suspended without pay from her job for five working days. On the morning of November 14, 2002, Weathers was served with the recommendation of the Accident Review Board, and she was orally informed that she was on suspension. Weathers did not appeal that decision to the Oxford Civil Service Board.
On February 5, 2003, Weathers filed a complaint in the Calhoun Circuit Court seeking a declaratory judgment that the City had violated her constitutional right to due process; the City filed an answer 15 days later. On August 13, 2003, the City filed a motion for a summary judgment and submitted a brief and evidentiary materials in support of that motion. Weathers filed a brief 13 days later opposing the City's summary-judgment motion, but she filed nothing else in response to that motion. Following a hearing, the trial court entered a summary judgment in favor of the City on September 22, 2003. The trial court's judgment stated, in pertinent part:
 "It is [Weathers's] contention that the City failed to provide her with adequate pre-disciplinary procedures as set out under Alabama Code [1975,] §§ 11-43-230, et seq. The Court finds that [Ala. Code 1975,] § 11-43-232, . . . states that the procedures set out in § 11-43-230 shall not apply to any municipality with [an] established due process procedure for law enforcement officers on July 14, 2001, so long as the municipality continues to have a due process procedure in full force and effect.
 "The [City] offered evidence that they did have a due process procedure in full force and effect during all pertinent times referenced herein, and said procedure was set out in the Civil Service handbook for all employees, including police officers. In addition, there is no evidence that the [City,] by and through its agents or employees, deprived [Weathers] of any due process before her [suspension. Weathers] was afforded a hearing before her suspension was recommended. Furthermore, it is undisputed that [Weathers] failed to file an appeal of her suspension to the Oxford Civil Service Board pursuant to Section 14 of the Rules and Regulations of the Oxford Civil Service Act before proceeding with her cause of action before this Court. As such, [Weathers] failed to exhaust the administrative remedies available to her before seeking redress before this Court."
Weathers argues on appeal that the trial court improperly entered a summary judgment because, she says, (1) genuine issues of material fact precluded the entry of a summary judgment; (2) the City violated § 11-43-230, Ala. Code 1975, which requires a predisciplinary hearing; and (3) the City violated Weathers's federal constitutional right to a predisciplinary hearing.
Our standard of review is well-settled:
 "A motion for summary judgment tests the sufficiency of the evidence. Such a motion is to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the burden of negating the *Page 308 
existence of a genuine issue of material fact. Furthermore, when a motion for summary judgment is made and supported as provided in Rule 56, [Ala. R. Civ. P.,] the nonmovant may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Proof by substantial evidence is required."
Sizemore v. Owner-Operator Indep. Drivers Ass'n, 671 So.2d 674,675 (Ala.Civ.App. 1995) (citations omitted).
The record clearly shows that Weathers did not respond to the City's summary-judgment motion with any documentary or testimonial evidence. Weathers's brief filed in opposition to the City's summary-judgment motion relies entirely on her contention that she received notice of the Accident Review Board hearing only three hours before it was held and that § 11-43-230, Ala. Code 1975, requires 10 days' advance notice before any predisciplinary hearing may be held as to municipal law-enforcement officers. The Code section cited by Weathers reads, in pertinent part:
 "(b) Every municipality shall establish written due process procedures applicable to the predisciplinary hearing. At a minimum, this due process shall consist of written notice to the officer of the reasons for the termination or suspension. This notice shall be issued by the person or persons with authority to suspend or terminate the law enforcement officer. The notice shall inform the officer that he or she has 10 days to request, in writing, a hearing before the person or persons with authority to suspend or terminate. If the officer fails to request the hearing within 10 days from receiving the notice, the right to any hearing shall be deemed waived."
Ala. Code 1975, § 11-43-230(b). That Code section, together with §§ 11-43-231 and -232, were enacted as a general act and took effect on July 14, 2001. See Act No. 2001-463, Ala. Acts 2001, p. 617.
The City, on the other hand, offered copies of the Oxford Civil Service Act, pertinent City personnel rules and regulations, and copies of documents relating to the Accident Review Board hearing; the City contended that § 11-43-232, Ala. Code 1975, exempted the City from the application of § 11-43-230. The City offered evidence to show that the Alabama Legislature established the Oxford Civil Service Board ("the Civil Service Board") when it enacted a local act on September 30, 1975. See Act No. 963, Ala. Acts 1975, p. 1996. In that local legislation an "employee" is defined as "any person including firemen and policemen" who works for the City. See § 2, Act No. 963. The Civil Service Board is authorized "to make rules and regulations governing . . . matters as may be necessary to accomplish the purposes of this act." See § 9, Act No. 963. The Civil Service Board is further required by the act to "establish rules and regulations governing dismissals, suspensions, layoffs, terminations, and leaves of absence." Id. The legislation includes the following provision:
 "Section 13. An appointing authority shall have authority to suspend an employee for any personal misconduct, or fact, affecting or concerning his fitness or ability to perform his duties in the public interest. In the event an employee is suspended for more than thirty days, he shall be entitled to a public hearing by the [Civil Service] [B]oard upon written demand filed within five days from the date of the order of suspension. If, after hearing, the [Civil Service] [B]oard determines that the action of the appointing authority was not with cause, the suspension shall be revoked."
The local legislation, although amended several times, has remained in full force *Page 309 
and effect, in pertinent part, since it was first enacted.[2] The City concluded its argument by noting that § 11-43-232, Ala. Code 1975, reads:
 "This article shall not apply to any municipality with an established due process procedure for law enforcement officers on July 14, 2001, so long as the municipality continues to have a due process procedure in full force and effect."
Therefore, the City argued, the Legislature has exempted the City from the application of § 11-43-230, and, thus, it was entitled to a summary judgment as a matter of law.
Based on the arguments of the parties in this action, we are required to determine which of the two cited statutes, the 1975 local act or the 2001 general act, properly governed the procedures pertaining to the City's suspension of Weathers. The applicable rules of statutory construction are quite clear:
 "`The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Ex parte Master Boat Builders, Inc., 779 So.2d 192, 196 (Ala. 2000) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992)). It is a well-established principle of statutory construction that the law favors rational and sensible construction. See Crowley v. Bass, 445 So.2d 902 (Ala. 1984); 2A Norman J. Singer, Sutherland Statutory Construction § 45.12 at 83-85 (6th ed. 2000). Moreover, the Legislature will not be presumed to have done a futile thing in enacting a statute; there is a presumption that the Legislature intended a just and reasonable construction and did not enact a statute that has no practical meaning. See Ex parte Watley, 708 So.2d 890 (Ala. 1997); Ex parte Meeks, 682 So.2d 423 (Ala. 1996). Additionally, "[s]ections of the Code originally constituting a single act must be read in pari materia in order to `produce a harmonious whole.'" Ex parte Jackson, 625 So.2d 425, 428 (Ala. 1992) (quoting 2A Norman J. Singer, Sutherland Statutory Construction
§ 46.05 (5th ed. 1993)) (footnote omitted).
Weathers's entire argument rests on the assumption that when the Alabama Legislature enacted Act No. 2001-463, Ala. acts 2001, which is now codified at § 11-43-230 et seq., Ala. Code 1975, it intended to replace the procedures applicable to the City's employees previously established by the Alabama Legislature in Act No. 963, Ala. Acts 1975, p. 1996. Repeal by implication is not favored in Alabama law. See City of Montgomery v. WaterWorks Sanitary Sewer Bd. of Montgomery, 660 So.2d 588, 595
(Ala. 1995); City of Tuscaloosa v. Alabama Retail Ass'n,466 So.2d 103, 106 (Ala. 1985). Our Supreme Court has stated that an implied repeal of a statute "`will be found only when the two statutes are so repugnant to, or in such conflict with, one another that it is obvious that the Legislature intended to repeal the first statute.'" Cook v. Lloyd Noland *Page 310 Found., Inc., 825 So.2d 83, 88 (Ala. 2001) (quoting AnnistonUrologic Assocs., P.C. v. Kline, 689 So.2d 54, 59 (Ala. 1997)) (emphasis added).
We have reviewed the language contained in Act No. 963, Ala. Acts 1975, p. 1996, establishing the City's civil-service system and the act's accompanying due-process procedures, and we conclude that that act can be read together with Act No.2001-463, Ala. Acts 2001, so that both acts have specific applications consistent with the above-cited rules of statutory construction. One of those rules of statutory construction requires this court to harmonize the provisions of separate acts as far as practical and dictates that, in the event of a conflict between two statutes, the specific statute relating to a specific subject will prevail over the general statute relating to a broad subject. See Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala. 1991).
Clearly, Act No. 963, Ala. Acts 1975, was enacted to establish a merit system to protect the City's municipal employees from arbitrary personnel decisions. Over the years, numerous municipalities have requested and received authority from the Alabama Legislature to create municipal civil-service systems.See, e.g., Act No. 93-358, Ala. Acts 1993, p. 555 (establishing Alabaster's civil-service system); Act No. 592, Ala. Acts 1953, p. 838 (establishing Anniston's civil-service system); Act No. 788, Ala. Acts 1961, p. 1139 (establishing Decatur's civil-service system); Act No. 273, Ala. Acts 1947, p. 196 (establishing Dothan's civil-service system); and Act No. 465, Ala. Acts 1973, p. 663 (establishing Russellville's civil-service system). However, in 2001, the Alabama Legislature enacted general legislation, codified at § 11-43-230 et seq., that was intended to establish disciplinary-hearing procedures for municipalities that did not already have disciplinary proceduresin place. We reach this conclusion on the basis that if the Legislature had intended to establish minimum standards for all municipalities, regardless of whether existing legislation governed disciplinary procedures as to those municipalities' employees, there would have been no reason for the adoption of §11-43-232.
Having resolved the statutory-construction issue, Weathers's remaining arguments can be summarized as generally protesting the entry of a summary judgment in favor of the City. Because the record clearly shows that the City did provide Weathers with a predisciplinary hearing and the opportunity to appeal the Accident Review Board's decision to the Civil Service Board, an opportunity that Weathers did not pursue, we conclude that there is no merit to her contentions that her constitutional rights were violated. In fact, the record reveals that the City afforded Weathers more due process than the City's own regulations mandate. We conclude that Weathers's due-process-violation claims must fail. In addition, even though Weathers argues that her federal constitutional rights were violated because she did not receive 10 days' notice before the predisciplinary hearing, she cites no authority to support that contention, as is required by Rule 28(a)(10), Ala. R.App. P., and we decline to research or argue Weathers's case for her on appeal. See Whited v. Holmes,816 So.2d 20, 26 (Ala. 2001).
We conclude that the trial court properly entered the summary judgment in favor of the City.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] Weathers asserts that she had only three hours' notice of the Accident Review Board hearing; however there is no evidence in the record to support that contention. In support of its summary-judgment motion, the City produced a copy of an "Accident Review Board hearing notice" dated October 4, 2002.
[2] Although the parties refer to a city council resolution that purportedly added additional due-process provisions to the civil-service system's procedures, the record contains clear evidence that that resolution was repealed shortly after adoption, and at least one year before the events giving rise to Weathers's action. *Page 311