PER CURIAM.
 

 The appellant, John R. Baney, appeals his convictions for four counts of transmitting obscene materials to a child, a violation of § 13A-6-111, Ala.Code 1975. Ba-ney was sentenced to concurrent terms of eight years in prison for each conviction.
 

 The State’s evidence tended to show the following: In 2006, Sgt. Tim Soronen, of the Demopolis Police Department, developed several teenage-girl profiles in an Internet chat room in an effort to catch child predators who found their victims on the Internet. Sgt. Soronen testified that one profile was a 14-year-old girl named “Chastity May,” who, according to the profile, was a cheerleader at Demopolis High School. Another profile, he said, was “Cindy Cheer Girl,” who, according to the
 
 *172
 
 profile, was also a cheerleader at Demopo-lis High. Sgt. Soronen said that Baney established contact with both profiles, that he communicated with them about sexual acts and that he transmitted to the profiles images of his penis and of him masturbating. Both profiles asked Baney to meet them in a local park. Baney accepted the invitation to meet with one of the profiles, but he failed to show up at the designated place and time. It was after Baney was arrested that he learned that he had been communicating with an undercover police officer and not two teenage girls.
 

 I.
 

 Baney argues that the circuit court erred when it denied his motion for a judgment of acquittal. Specifically, he asserts that the State failed to prove that an actual child was the recipient of the transmissions. In essence, he argues that a “mistake of fact” excuses his criminal liability and that he could not lawfully be convicted of violating § 13A-6-111, Ala. Code 1975, because there was no child who was receiving the computerized transmissions. Baney further asserts that the State failed to prove that the Internet transmissions were for the purpose of “initiating or engaging in sexual acts with a child.” § 13A-6-lll(a), Ala.Code 1975.
 

 This case presents an issue of first impression in Alabama. Indeed, this is our first opportunity to examine § 13A-6-111, Ala.Code 1975. Section 13A-6-lll(a), Ala. Code 1975, which became effective on August 1,1997, provides:
 

 “(a) A person is guilty of transmitting obscene material to a child if the person transmits, by means of any computer communication system allowing the input, output, examination, or transfer of computer programs from one computer to another, material which, in whole or in part, depicts actual or simulated nudity, sexual conduct, or sadomasochistic abuse, for the purpose of initiating or engaging in sexual acts with a child.”
 

 In evaluating this statute we keep in mind the following principles of statutory construction:
 

 “ ‘
 
 “The intent of the Legislature is the polestar of statutory construction.”
 
 Siegelman v. Alabama Ass’n of Sch. Bds.,
 
 819 So.2d 568, 579 (Ala.2001) (citing
 
 Richardson v. PSB Armor, Inc.,
 
 682 So.2d 438, 440 (Ala. 1996);
 
 Jones v. Conradi,
 
 673 So.2d 389, 394 (Ala.1995); and
 
 Ex parte Jordan,
 
 592 So.2d 579, 581 (Ala.1992)). We are mindful that “the Legislature will not be presumed to have done a futile thing in enacting a statute; there is a presumption that the Legislature intended a just and reasonable construction and did not enact a statute that has no practical meaning.”
 
 Weathers v. City of Oxford,
 
 895 So.2d 305, 309 (Ala.Civ.App.2004) (citing
 
 Ex parte Watley,
 
 708 So.2d 890 (Ala.1997), and
 
 Ex parte Meeks,
 
 682 So.2d 423 (Ala.1996)).’
 

 “Glass v. Anniston City Bd. of Educ.,
 
 957 So.2d 1143, 1147 (Ala.Civ.App.2006). Additionally, ‘“[a] literal interpretation will not be adopted, when it would defeat the purposes of a statute, if any other reasonable construction can be given to the words.” ’
 
 Limestone County Water & Sewer Auth. v. City of Athens,
 
 896 So.2d 531, 537 (Ala.Civ.App.2004) (quoting
 
 Harrington v. State,
 
 200 Ala. 480, 482, 76 So. 422, 424 (1917)). ‘[T]he law is a reasonable master, and it should be so construed in the light of common sense in ascertaining the legislative intent.’
 
 Stith Coal Co. v. Sanford,
 
 192 Ala. 601, 606-07, 68 So. 990, 992 (1915).”
 

 T.G. v. Houston County Dep’t of Human Res.,
 
 39 So.3d 1146, 1149-50 (Ala.Civ.App.
 
 *173
 
 2009). “If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided.
 
 Ex parte Meeks,
 
 682 So.2d 423 (Ala.1996).”
 
 City of Bessemer v. McClain,
 
 957 So.2d 1061, 1075 (Ala.2006).
 

 Section 13A-6-111, Ala.Code 1975, was enacted by the legislature in the same legislation as § 13A-6-110, Ala.Code 1975. Act No. 97-486, Ala. Acts 1997. Section 13A-6-110, which defines the crime of child solicitation by computer, states:
 

 “(a) In addition to the provisions of Section 13A-6-69
 
 [
 

 1
 

 ],
 
 a person is guilty of solicitation of a child by a computer if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less than 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit.”
 

 Section 13A-6-110, is very specific as to the age of the child, while § 13A-6-111, Ala.Code 1975, contains no such limiting provision regarding the definition of “child.”
 

 Clearly, the purpose of § 13A-6-111, Ala.Code 1975, is to protect children who are using the Internet from being contacted by sexual predators. Several courts have noted the inherent problems in requiring that the sexual predator have contact with an actual child for similar crimes against children. As one court aptly stated:
 

 “[W]e are mindful ‘of the potential damage that the [defendant’s] position could work on law enforcement under the statute.’ [18 U.S.C. § 2422(b) ]; see also
 
 [United States v.] Everett,
 
 700 F.2d [900] at 907 n. 16 [ (3rd Cir.1983) ]. We mention this not because of our own policy preferences, but because it is relevant to Congress’s intent. It is common knowledge that law enforcement rely heavily on decoys and sting operations in enforcing solicitation and child predation crimes.... We consider it unlikely that Congress intended to prohibit this method of enforcement. Indeed, if we were to adopt Tykarsky’s reading of the statute, law enforcement officials would have to use actual minors in conducting sting operations. We do not believe Congress intended such a result.”
 

 United States v. Tykarsky,
 
 446 F.3d 458, 468 (3d Cir.2006). Another court noted similar concerns and stated:
 

 “[U]ndercover officers [have] been forced to resort to extensive investigation and sting operations to ferret out pedophiles who troll the Internet for minors. As Meek interprets the statute, detectives and undercover officers would be unable to police effectively the illegal inducement of minors for sex. Taking such a restrictive view of the statute would frustrate its purpose. Indeed, police preventative measures such as the sting operation conducted here would come at the cost of either rarely securing a conviction or putting an actual child in harm’s way. In that scenario, the child molester gains at the tremendous expense of the child, a result sharply at odds with the statute’s text
 
 *174
 
 and purpose. In declining Meek’s interpretation, we opt for the integrity of the statute as a whole.”
 

 United States v. Meek,
 
 366 F.3d 705, 719 (9th Cir.2004).
 
 [2]
 

 In Alabama, the factual impossibility presented in this case — i.e., that Baney never transmitted the obscene material to an actual child — does not constitute a defense to the crime. Section 13A-2-6, Ala. Code 1975, which became effective in 1977, long before the enactment of § 13A-6-111, Ala.Code 1975, states:
 

 “(a) A person is not relieved of criminal liability for conduct because he engages in that conduct under a mistaken belief of fact unless:
 

 “(1) His factual mistake negatives the culpable mental state required for the commission of an offense; or
 

 “(2) The statute defining the offense or a statute related thereto expressly provides that such a factual mistake constitutes a defense or exemption; or
 

 “(3) The factual mistake is of a land that supports a defense of justification as defined in Article 2 of Chapter 3 of this title.”
 

 Baney’s mistaken belief that he was communicating with a child did not negate the culpable mental state as required by § 13A-6-111, Ala.Code 1975. Also, the clear language of the statute contains no requirement that the recipient of the prohibited transmissions actually be a child, only that the perpetrator’s purpose be to send such sexual material to initiate or to engage in sexual activities with a child. The only logical conclusion that we can reach based on the legislative intent and the fact that “mistake of fact” is not a defense in Alabama is that § 13A-6-111, Ala.Code 1975, does not require that the perpetrator communicate with an actual child, only that the perpetrator thinks he or she is communicating with a child.
 

 Baney argues that the legislature clearly intended that the transmissions be received by an actual child because in 2008 the legislature attempted to amend § 13A-6-111, Ala.Code 1975, to specifically provide the following: “The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of the offense under this section shall not constitute a defense to a prosecution under this section.” House Bill 92 (Regular Session 2008). The amendment failed.
 

 However, “failed legislative proposals are ‘a particularly dangerous ground on which to rest an interpretation of a prior statute ....’”
 
 United States v. Craft,
 
 535 U.S. 274, 287, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), quoting
 
 Pension Benefit Guar. Corp. v. LTV Corp.,
 
 496 U.S. 633, 650, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990).
 

 In conclusion, we hold that an individual may be guilty of violating § 13A-6-111, when the individual transmits obscene images to someone he/she believes is a child for the purpose of initiating or engaging in sexual acts with a child. The “ ‘purpose behind an act, being a state of mind,
 
 *175
 
 can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence, but may be inferred from the facts and circumstances surrounding the act.’ ”
 
 Williams v. State,
 
 374 Ark. 282, 288, 287 S.W.3d 559, 564 (2008), quoting
 
 Heard v. State,
 
 284 Ark. 457, 459, 683 S.W.2d 232, 233 (1985). The jury could have easily inferred that the purpose behind Baney’s actions was to initiate or to engage in “sexual acts with a child.” The circuit court correctly denied Baney’s motion for a judgment of acquittal and presented the case for the jury’s determination.
 

 II.
 

 Baney next argues that the circuit court erred in denying his motion in limine seeking to suppress State’s exhibits 1, 2, 3, and 5, because, he argues, these exhibits were irrelevant and unduly prejudicial. Baney does not challenge the authenticity of any of the four exhibits.
 

 The record shows that exhibit 1 was a copy of the transcripts of the Internet conversations Baney had with “Chastity May” and “Cindy Cheer Girl.” Exhibit 2 was an image, downloaded from the computer, of Baney’s penis. Exhibit 3 was a close-up view of Baney’s face. Exhibit 5 was an image, downloaded from the computer, of Baney’s genitals.
 

 Initially, we note that a ruling on a motion in limine typically does not preserve an issue for appellate review. “ ‘ “[Ujnless the trial court’s ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for [appellate review].” ... If the ruling is not absolute, proper objections at trial are necessary to preserve the issue.’ ”
 
 Ex parte Martin,
 
 931 So.2d 759, 763 n. 1 (Ala.2004), quoting
 
 Central Alabama Elec. Coop. v. Tapley,
 
 546 So.2d 371, 382 (Ala.1989), quoting in turn
 
 Perry v. Brakefield,
 
 534 So.2d 602, 606 (Ala.1988). A review of the record shows that the circuit court’s ruling was not absolute. Therefore, it was necessary for Baney to object when each exhibit was offered into evidence in order to preserve the issue for appellate review. See
 
 Ex parte Martin,
 
 931 So.2d 759 (Ala.2004).
 

 Baney objected to the admission of exhibits 1, 2, and 5. These exhibits were properly admitted because they were evidence of the commission of the crime and were relevant to the charged offenses. See Rule 401, Ala. R. Evid. “‘Relevant evidence’ means evidence having any tendency to make the existence of any fact, having any consequences to the determination of the action more probable or less probable than it would be without the evidence.” Rule 401, Ala. R. Evid. “Alabama has always taken a liberal view of relevancy -”
 
 Tyson v. State,
 
 784 So.2d 328, 346 (Ala.Crim.App.2000). However, Baney failed to object to the admission of exhibit 3; therefore, the issue whether the circuit court erred in admitting this exhibit was not properly preserved for appellate review. See
 
 George v. State,
 
 598 So.2d 1050 (Ala.Crim.App.1992).
 

 III.
 

 Baney next argues that the circuit court erred when it denied his request to allow the jury to consider “Defense Exhibit 1” during its deliberations. Defense exhibit 1 was a copy of the motion in limine that was filed by Baney’s counsel before trial. The motion contained counsel’s arguments as to why it should be granted.
 

 The record shows the following:
 

 “I don’t know if you all had some information that went in as an exhibit. Did y’all get a chance to read this? Disregard everything that you saw in this. That shouldn’t have been back there
 
 *176
 
 with you. Now having said that, you all can go back — ”
 

 (R. 190-91.) This is the only reference to an “exhibit.” Baney failed to object. Accordingly, this issue was not preserved for appellate review. See
 
 George v. State,
 
 supra.
 

 Moreover, the “exhibit” that Ba-ney’s references in his brief to this Court consisted of counsel’s arguments concerning the motion in limine. It appears that this exhibit was marked as an exhibit but was not admitted into evidence. Rule 22.1(b), Ala. R.Crim. R, states:
 

 “Within the exercise of its discretion, the court may permit the jurors, upon retiring for deliberation, to take with them exhibits, writings, and documents that have been received in evidence.”
 

 See also § 12-16-14, Ala.Code 1975. The circuit court did not abuse its discretion.
 

 IV.
 

 Baney next argues that the trial court erred when it refused to give his requested jury charges numbered 1 and 2. The record reflects that after the circuit court gave its instructions to the jury, the following occurred:
 

 “You Honor, at this time, the defendant would like to enter an objection to the denial of defendant’s jury charges one and two, and of course, renew all of our previous objections and motions that we’ve made thus far.”
 

 (R. 188.)
 

 Rule 21.8, Ala. R.Crim. P., states:
 

 “No party may assign as error the court’s giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection.”
 

 Because Baney made a generalized objection, without stating specific grounds, this issue was not preserved for appellate review.
 
 Burger v. State,
 
 915 So.2d 586, 590 (Ala.Crim.App.2005) (a defendant’s objection that the “refused charges are correct or accurate statements of law does not ‘state with particularity’ the grounds of the objections”).
 

 For the foregoing reasons, we affirm Baney’s convictions for transmitting obscene materials to a child.
 

 AFFIRMED.
 

 WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
 

 MAIN, J., concurs in the result.
 

 [1]
 

 . Section 13A-6-69, Ala.Code 1975, defines the offense of enticing a child to enter a vehicle, house, etc., for immoral purposes.
 

 [2]
 

 . Both of the above cases involved violations of 18 U.S.C. § 2422(b). This statutes provides:
 

 “Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense,
 
 or attempts to do so,
 
 shall be fined under this title and imprisoned not less than 10 years or for life.”
 

 (Emphasis added.)