BURKE, Judge.
On March 18, 2011, Randy Lynn Tennyson was convicted of soliciting a child by computer, a violation of § 13A-6-110, Ala. Code 1975, and was sentenced to seven years’ imprisonment. Section 13A-6-110, Ala.Code 1975, was repealed by Act No. 2009-745, Ala. Acts 2009, effective May 22, 2009. However, “ ‘the law in effect at the time of the commission of the offense controls the prosecution.’ ” Stewart v. State, *1257 990 So.2d 441, 442 (Ala.Crim.App.2008), quoting Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990). Tennyson was arrested on August 18, 2006, and the relevant conduct occurred before that date. Therefore, the issue presented should be analyzed under § 13A-6-110.
Tennyson was convicted following a bench trial in which a joint stipulation of facts was presented to the court. The trial court subsequently denied Tennyson’s motion for a judgment of acquittal, motion for a new trial, and motion for arrest of judgment. The stipulation incorporated the following items to be considered by the trial court in determining whether Tennyson was guilty: the transcript from Tennyson’s preliminary hearing; a copy of the terms and conditions from a Web site used by Tennyson; Tennyson’s motion to dismiss the indictment; the Demopolis Police Department’s case synopsis and arrest report regarding Tennyson; and the transcript of the chat-room logs documenting the conversations between Tennyson and “Amie Baxter.” (C. 163.)
According to the Demopolis Police Department’s case synopsis, Tennyson admitted that he communicated with the online profile of “Amie Baxter,” whom he believed to be a 15-year-old female living in Demopolis. However, Tennyson was actually communicating with Sgt. Tim Soronen, a detective with the Demopolis Police Department, who was posing as 15-year-old “Amie Baxter.” The parties stipulated that Tennyson was never in communication with an actual 15-year-old girl. During the online conversations between Tennyson and “Amie Baxter,” Tennyson made plans to meet her for the purpose of engaging in sadomasochistic acts. Specifically, Tennyson wanted to spank her and have her spank him. (C. 260-72.) On August 18, 2006, Tennyson traveled to De-mopolis where he was to meet “Amie Baxter” outside a movie theater. Tennyson was arrested near the theater by Sgt. So-ronen.
The sole issue on appeal is whether a person could be convicted of violating § 13A-6-110, Ala.Code 1975, as it provided prior to May 22, 2009, when an actual child was never solicited even though that person believed that he was soliciting an actual child. “Where, as here, an appellate court reviews a trial court’s conclusion of law and its application of law to the facts, it applies a de novo standard of review.” Stewart v. State, 990 So.2d 441, 442 (Ala.Crim.App.2008.)
Section 13A-6-110 was repealed after Tennyson was arrested and indicted. Before its repeal, § 13A-6-110 provided:
“In addition to the provisions of Section 13A-6-69E[1]], a person is guilty of solicitation of a child by a computer if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less than 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit.”
§ 13A-6-110, Ala.Code 1975 (emphasis added). Tennyson argues that the plain language of § 13A-6-110 required that an actual child be solicited. He also notes *1258 that § 13A-6-110 was replaced by § 13A-6-122, Ala.Code 1975, which altered the language of the repealed section and provides:
“In addition to the provisions of Section 13A-6-69[2], a person who, knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, lures, or orders, or attempts to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order, by means of a computer, on-line service, Internet service, Internet bulletin board service, weblog, cellular phone, video game system, personal data assistant, telephone, facsimile machine, camera, universal serial bus drive, writable compact disc, magnetic storage device, floppy disk, or any other electronic communication or storage device, a child who is at least three years younger than the defendant, or another person believed by the defendant to be a child at least three years younger than the defendant to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit or for the benefit of another, is guilty of electronic solicitation of a child.... ”
§ 13A-6-122, Ala.Code 1975 (emphasis added). Additionally, at the same time it enacted § 13A-6-122, the legislature enacted § 13A-6-127, Ala.Code 1975, which, among other things, provides: “It shall not be a defense to prosecution under this article ... [t]hat an undercover operative or law enforcement officer was involved in the detection and investigation of an offense .... ”
Tennyson also points out that the legislation that proposed §§ 13A-6-122 and 13A-6-127 stated that its purpose was, among other things, “to specify that the crime may be committed if the person the defendant believed to be a child was a law enforcement officer, a meeting did not occur, or the actor did not intend for a meeting to occur.” Act No. 2009-745. According to Tennyson, this demonstrates that § 13A-6-110, as it existed when he engaged in the charged conduct, did not intend that a crime was committed under that section if the person being solicited was not actually a child.
The State relies primarily on this Court’s decision in Baney v. State, 42 So.3d 170 (Ala.Crim.App.2009). In Baney, the appellant was convicted of transmitting obscene material to a child in violation of § 13A-6-111, Ala.Code 1975.[3] Like Tennyson, the appellant in Baney argued that, to be convicted under § 13A-6-111, a person must transmit obscene material to an actual child and not to an undercover officer posing as a child. However, this Court held:
“Baney’s mistaken belief that he was communicating with a child did not negate the culpable mental state as required by § 13A-6-111, Ala.Code 1975. Also, the clear language of the statute contains no requirement that the recipient of the prohibited transmissions actually be a child, only that the perpetrator’s purpose be to send such sexual material to initiate or to engage in sexual activities with a child. The only logical conclusion that we can reach based on the legislative intent and the fact that ‘mistake of fact’ is not a defense in Ala *1259 bama is that § 13A-6-111, Ala.Code 1975, does not require that the perpetrator communicate with an actual child, only that the perpetrator thinks he or she is communicating with a child.”
Baney, 42 So.3d at 174. This Court concluded that “an individual may be guilty of violating § 13A-6-111, when the individual transmits obscene images to someone he/ she believes is a child for the purpose of initiating or engaging in sexual acts with a child.” Id.
The State argues that the reasoning supporting this Court’s interpretation of § 13A-6-111 in Baney should also apply to § 13A-6-110. However, nothing in Baney specifically says that. In fact, this Court pointed out in Baney that “[s]ection 13A-6-110, is very specific as to the age of the child, while § 13A-6-111, Ala.Code 1975, contains no such limiting provision regarding the definition of ‘child.’ ” Id. at 173. We also held that “the clear language of [§ 13A-6-111] contains no requirement that the recipient of the prohibited transmissions actually be a child, only that the perpetrator’s purpose be to send such sexual material to initiate or to engage in sexual activities with a child.” Id. at 174.
Baney focused on the fact that § 13A-6-111 was worded differently than § 13A-6-110. Section 13A-6-110 specifically stated that, to be guilty of solicitation of a child by a computer, a person must, among other things, entice, induce, etc., “a child who is less than 16 years of age and at least three years younger than the defendant-” In contrast, § 13A-6-lll(a), Ala.Code 1975, states:
“A person is guilty of transmitting obscene material to a child if the person transmits, by means of any computer communication system ... material which ... depicts actual or simulated nudity, sexual conduct, or sadomasochistic abuse, for the purpose of initiating or engaging in sexual acts with the child.”
Nothing in the plain language of 13A-6-111 requires that the recipient of the obscene material be a child. We held in Baney that a person violates § 13A-6-111 if “the individual transmits obscene images to someone he/she believes is a child for the purpose of initiating or engaging in sexual acts with a child.” Baney, 42 So.3d at 174.
The relevant inquiry for determining a violation of § 13A-6-111 is the defendant’s state of mind when he or she transmitted the obscene images. The actual recipient of the obscene material is irrelevant so long as it is proven that the defendant’s purpose in sending the material was to ultimately initiate or engage in sexual acts with a child. Although § 13A-6-110 also requires that the purpose of the defendant’s solicitation be to engage in sexual acts with a child, that section specifically states that the person solicited must be “a child who is less than 16 years of age and at least three years younger than the defendant-” Section 13A-6-111 contains no such requirement. Thus, Baney is distinguishable from the present case.
In Baney, this Court also discussed the legislative purpose behind- § 13A-6-111:
“Clearly, the purpose of § 13A-6-111, Ala.Code 1975, is to protect children who are using the Internet from being contacted by sexual predators. Several courts have noted the inherent problems in requiring that the sexual predator have contact with an actual child for similar crimes against children. As one court aptly stated:
“ ‘[W]e are mindful “of the potential damage that the [defendant’s] position could work on law enforcement under the statute.” [18 U.S.C. § 2422(b)]; see also [United States v.] Everett, 700 F.2d [900] at 907 n. 16 [(3d Cir. *1260 1983) ]. We mention this not because of our own policy preferences, but because it is relevant to Congress’s intent. It is common knowledge that law enforcement rely heavily on decoys and sting operations in enforcing solicitation and child predation crimes.... We consider it unlikely that Congress intended to prohibit this method of enforcement. Indeed, if we were to adopt Tykarsky’s reading of the statute, law enforcement officials would have to use actual minors in conducting sting operations. We do not believe Congress intended such a result.’
“United States v. Tykarsky, 446 F.3d 458, 468 (3d Cir.2006). Another court noted similar concerns and stated:
“ ‘[U]ndercover officers [have] been forced to resort to extensive investigation and sting operations to ferret out pedophiles who troll the Internet for minors. As [the defendant] interprets the statute, detectives and undercover officers would be unable to police effectively the illegal inducement of minors for sex. Taking such a restrictive view of the statute would frustrate its purpose. Indeed, police preventative measures such as the sting operation conducted here would come at the cost of either rarely securing a conviction or putting an actual child in harm’s way. In that scenario, the child molester gains at the tremendous expense of the child, a result sharply at odds with the statute’s text and purpose. In declining [the defendant’s] interpretation, we opt for the integrity of the statute as a whole.’
“ ‘United States v. Meek, 366 F.3d 705, 719 (9th Cir.2004).’ ”
Baney, 42 So.3d at 173-74. We noted, however, that both United States v. Meek, 366 F.3d 705 (9th Cir.2004), and United States v. Tykarsky, 446 F.3d 458 (3d Cir.2006), “involved violations of 18 U.S.C. § 2422(b),” which provides:
“ ‘Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.’ ”
Baney, 42 So.3d at 174, n. 2. The plain language of the federal statute provides for a situation in which a defendant solicits an undercover officer whom the defendant believes to be a minor. The State points out that §§ 13A-6-110 and 13A-6-111 were proposed by the same Act and argues that the two statutes have a common legislative purpose. Therefore, the State concludes, “the clear language of Section 13A-6-110 contains no requirement that the person actually solicited be a child, only that the perpetrator’s purpose be to solicit a child to engage in sexual activities,” (State’s brief, at 15.)
However, the Alabama Supreme Court has stated the following regarding statutory construction:
“Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
*1261 Ex parte Bertram, 884 So.2d 889, 891 (Ala.2003), quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). As noted, § 13A-6-110 stated:
“[A] person is guilty of solicitation of a child by a computer if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less than 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit.”
Thus, a plain reading of § 13A-6-110 suggests that the person who is enticed, induced, persuaded, etc., must be a child less than 16 years of age and at least 3 years younger than the defendant.
The State further argues that the plain meaning of the statute should be disregarded based on the holding in Baney. The State apparently argues that a plain reading of § 13A-6-110 would frustrate the purpose behind the legislation that proposed the two Code sections. However, the Alabama Supreme Court has also held the following in regard to construing criminal statutes:
“ ‘ “[I]t is well established that criminal statutes should not be ‘extended by construction.’ ” ’ Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993) (quoting Ex parte Evers, 434 So.2d 813, 817 (Ala.1983), quoting in turn Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973)).
“ ‘A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
“‘Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
“ ‘One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing [Young v. State ], 58 Ala. 358 (1877).
“ ‘No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra.’
“Clements v. State, 370 So.2d 723, 725 (Ala.1979) (quoted in whole or in part in Ex parte Murry, 455 So.2d 72, 76 (Ala.1984), and in Ex parte Walls, 711 So.2d 490, 494 (Ala.1997))(emphasis added).
“ ‘ “Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used.... ” United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala.1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952).’ ”
Ex parte Bertram, 884 So.2d at 891-92. Thus, we cannot construe § 13A-6-110 to reach any further than its words.
Moreover, the fact that the legislature repealed § 13A-6-110 and replaced it with a statute clearly providing for situations in which the person solicited was not actually *1262 a child suggests one of two possibilities. Either § ISA-6-110, as it existed, did not cover Tennyson’s conduct or it was ambiguous. If the statute was ambiguous, as the State appeared to concede during oral argument, then we are required to construe the statute in favor of the accused. See Ex parte Bertram, 884 So.2d at 892 (“The ‘rule of lenity requires that “ambiguous criminal statute[s] ... be construed in favor of the accused.” ’ ”)(quoting Castillo v. United States, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000)). Although, given the facts as stipulated, Tennyson would most likely be guilty of violating § 13A-6-122, the current incarnation of the law, we have no alternative but to hold that the plain language of § 13A-6-110, Ala.Code 1975, as it existed at the time of the relevant conduct, required that a defendant solicit an actual child and not an undercover officer whom he believed to be a child.
In his motion for a judgment of acquittal, Tennyson argued that he was not guilty of violating § 13A-6-110, because it was established that he did not communicate with an actual child. (C. 147.) Based on the stipulation of facts entered into by Tennyson and the State, the trial court erred by denying Tennyson’s motion for a judgment of acquittal because no evidence was presented suggesting that Tennyson communicated with “a child who [was] less than 16 years of age ...” as charged in the indictment. (C. 8.)
Based on the foregoing, the judgment of the trial court is reversed, and judgment is rendered in favor of Tennyson.
REVERSED AND JUDGMENT RENDERED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. Section 13A-6-69 makes it a crime to entice a child to enter a vehicle, house, etc., for immoral purposes.

. See supra note 1.

. Tennyson was also charged with violating § 13A-6-111; that charge, however, was dismissed. (C. 6.)