WINDOM, Presiding Judge.
Rehan Hanif appeals the circuit court’s dismissal of his petition for a writ of habe-as corpus in which he challenged the calculation of his sentence by the Alabama Department of Corrections (“DOC”). For the reasons that follow, this Court reverses the circuit court’s decision and remands this cause for further proceedings.
In 2012, Hanif was convicted of attempted solicitation of a child by computer, see §§ 13A-6-110 and 13A-4-2, Ala.Code 1975, and was sentenced to 10 years in prison. On appeal, this Court affirmed Hanif s conviction and sentence by unpublished memorandum in which it summarized the facts of Hanif s crime as follows:
“[I]n April 2006 Hanif used a computer to communicate with an individual that he believed to be a 14-year-old girl in Baldwin County and solicit her to engage in oral sex. Although he believed he was communicating with a 14-year-old girl named ‘Jennifer’ in a chatroom, Hanif was actually communicating with Commander William Cowan of the Gulf Shores police department. Hanif agreed to meet ‘Jennifer’ at a car wash in Gulf Shores. Once Hanif arrived at the car wash, he was arrested.”
Hanif v. State, (No. CR-12-0273, Sept. 27, 2013) 168 So.3d 172 (Ala.Crim.App.2013) (table).
On May 2, 2014, Hanif filed a petition for a writ of habeas corpus in which he *627 argued, among other things, that the DOC was improperly denying him Class I Correctional Incentive Time (“CIT”) under § 14-9-41(e), AIa.Code 1975, on the ground that he had been convicted of a sexual offense involving a child under the age of 17. Specifically, Hanif argued that his offense did not involve a child; rather, it involved an adult posing as a child. According to Hanif, because his offense did not involve an actual child, the DOC had no grounds under § 14-9-41(e), Ala.Code 1975, to deny him Class I CIT. The DOC filed a motion to dismiss in which it argued that Hanif is prohibited from receiving Class I CIT under § 14-9-41(e), Ala.Code 1975. Along with its motion to dismiss, the DOC filed an affidavit from Mark Burton, the Director of Central Records, explaining that § 14 — 9—41(e), Ala.Code 1975, prohibits Hanif from earning Class I CIT because he had been convicted of an attempted sex crime against a child under the age of 17. Specifically, Hanif had been convicted of an attempt to solicit a 14-year-old child by computer. Thereafter, the circuit court granted the DOC’s motion to dismiss.
On appeal, Hanif reasserts, his argument that the DOC: is improperly denying. him Class I CIT. According to Hanif, § 14-9-41(e), Ala.Code 1975, does not prohibit- him from earning Class I CIT because his crime did not involve an actual child under the age of 17. Rather, he solicited an adult who he thought was a child. According to Hanif, because there was no child involved in his crime, he is entitled to Class I CIT. The DOC, on the other hand, argues that Hanif is prohibited under § 14-9-41(e), Ala.Code 1975, from earning Class I CIT because Hanif believed ’ that he was soliciting a child. Therefore, the circuit court correctly dismissed Hanif s petition for a writ of habeas corpus.
“This Court generally reviews the denial of a habeas petition under an abuse-of-discretion standard.” Shelly v. Alabama Dep’t of Corr., 109 So.3d 1145, 1147 (Ala.Crim.App.2012) (citing Miller v. State, 668 So.2d 912, 917 (Ala.Crim.App.1995)). However, “ ‘the interpretation of a statute presents a question of law and, thus, mandates de novo.review.’” Shelly, 109 So.3d at 1147 (quoting Johnson v. State, 89 So.3d 205, 206 (Ala.Crim.App.2011)). Accordingly, when the issue presented on appeal “ ‘involves a review of the circuit court’s conclusion of law and its application of the law to undisputed facts, this Court applies a de novo standard of review.’ ” Shelly, 109 So.3d at 1147 (quoting Johnson, 89 So.3d at 206).
Further, lithe first rule of statutory construction [is] that where the meaning of the plain language of the statute is clear, it must be construed according to the plain language.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 504 (Ala.1993) (citing King v. Nat’l Spa & Pool Inst., 607 So.2d 1241, 1246 (Ala.1992)). “ ‘ “The fundamental principle of statutory construction is that words in a statute must be given their plain meaning.” ’ ” Ex parte Ruggs, 10 So.3d 7, 11 (Ala.2008) (quoting Trott v. Brinks, Inc., 972 So.2d 81, 85 (Ala.2007), quoting in turn, Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003)). “When a court construes a statute, ‘[w]ords used in' [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ” Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Sys. Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). Because courts are bound to “interpret the plain language of [the] statute to mean exactly what it says[, courts may not] engage in judicial construction [unless] the language in the *628 statute is ambiguous.” Ex. parte Pratt, 815 So.2d 532, 535 (Ala.2001) (citations omitted). In other words, “‘“[w]here plain language is used[,] a court is bound to interpret that language to mean exactly what it. says,” and ... “[i]f the language of the statute is unambiguous, then thére is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’ ”' Ex parte Alabama Great S. R.R., 788 So.2d 886, 889 (Ala.2000) (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), quoting in turn IMED Corp., 602 So.2d at 346).
Section 14-9-41(e), Ala.Code 1975, provides, in pertinent part, that “[n]o person may be placed in Class I if he or she has been convicted of a crime' involving the perpetration of sexual abusé upon the person of a child under the age of 17 years.”[1] The question before this Court is whether “a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years,” id., includes an attempted sex crime that did not involve a child but, rather, involved an adult posing on the Internet as a child. This Court holds that it does not.
•In Tennyson v. State, 101 So.3d 1256 (Ala.Crim.App.2012), this Court rejected the propositiqn that a statute prohibiting the solicitation of a child by computer encompassed soliciting an adult posing as a child.
‘‘Tennyson admitted that he communicated with the online profile of ‘Amie Baxter,’ whom he believed to be a 15-year-old female living in Demopolis. However, Tennyson .was actually communicating with, Sgt. Tim Soronen, a detective with the Demopolis Police Department, who was posing as 15-year-old ‘Amie Baxter.’ ”
Id. at 1257. Based on his communication with a detective posing as a child, Tennyson was convicted of violating § 13A-6-110, Ala.Code 1975, which provided:[2]
“[A] person is guilty of solicitation of a child by a computer .if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less than 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit.”
Id, at 1258 (some emphasis omitted).
On appeal, Tennyson argued that he could not be-convicted under § 13A-6-110, AIa.Code 1975, because “an actual child was never solicited even though [he] believed that he 'was soliciting an. actual child.” Id. at 1257. This Court agreed. *629 Specifically, this Court held that “the plain language of § 13A-6-110, Ala.Code 1975, ... required that a defendant solicit an actual child and not an undercover officer whom he believed to be a child.” Id. at 1262.
Section 14-9-41(e), Ala.Code 1975, prohibits an inmate who has been “convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of If years,” from earning Class I CIT. (emphasis added)1. As in Tennyson, the plain language of § 14-9-41(e), Ala.Code 1975, requires that the vie-tim be an actual child under the age of 17, “not an undercover officer whom [the inmate] believed to be a child.” Tennyson, 101 So.3d at 1262. Consequently, Hanif, whose crime involved “an undercover officer whom [he] believed to be a child,” id., as opposed to an actual child under the age of 17, is not prohibited under § 14-9-41(e), Ala.Code 1975, from earning Class I CIT.
Accordingly, the judgment of the circuit court is reversed, and this cause is remanded to the circuit court for proceed-tags consistent with this, opinion,
REVERSED AND REMANDED.
WELCH and JOINER, JJ., concur. , KELLUM and BURKE, JJ., concur in the result. ' [1]

. Effective May 22, 2009, § 13A-6-110 was repealed and replaced by § 13A-6-122, Ala. Code 1975, which makes it a crime to use a i computer to solicit a child or “a person believed by the defendant to be a child.” Tennyson, 101 So.3d at 1257-58. See also Rosier v. State, [Ms. CR-13-0736, Oct. 3, 2014] — So.3d -, - (Ala.Crim.App.2014).